James L Phillips
MILLER NASH LLP
601 Union St
4400 Two Union Square
Seattle , WA 98101-2352
206-622-8484
Fax:  622-7485
Email:  James.Phillips@millernash.com

Daniel J. O'Connor (*pro hac vice*)
Edward K. Runyan (*pro hac vice*)
Daniel A. Tallitsch (*pro hac vice*)
BAKER & MCKENZIE LLP
130 E. Randolph Street
Chicago, IL  60601
Telephone:   +1 312 861 8000
Facsimile:    +1 312 861 2899
Daniel.O'Connor@bakermckenzie.com
Edward.Runyan@bakermckenzie.com
Daniel.Tallitsch@bakermckenzie.com

Attorneys for Defendant, NINTENDO CO., LTD.

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RECOGNICORP, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>NINTENDO CO. LTD.,<br><br>                    Defendant. | Case No.  CV 12-1873-RAJ<br><br>NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 5, 2013** |

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS
AND TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 1
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.  INTRODUCTION

3

Nintendo moves this Court to strike RecogniCorp, LLC's Infringement Contentions (ICs)

4

for failure to comply with L.P.R. 120. All of RecogniCorp, LLC's ICs fail to identify

5

"specifically where each limitation of each asserted claim is found within each Accused

6

Instrumentality" as required by the Rules. L.P.R. 120(c).

7

## II.  FACTS AND BACKGROUND

8

### A.      The Parties

9

Plaintiff RecogniCorp, LLC ("RecogniCorp") is headquartered in Round Rock, Texas.  It

10

was formed on November 14, 2011, approximately one month before this case was filed.  On

11

information and belief, RecogniCorp neither makes nor sells any products.  On information and

12

belief, RecogniCorp was formed solely for the purpose of filing suits for patent infringement.

13

Defendant Nintendo Co., Ltd. ("NCL" OR "Nintendo") is a Japanese company which

14

makes and sells home and personal entertainment products including video and electronic games

15

and related devices.   Nintendo of America Inc. ("NOA") is a Washington corporation,

16

headquartered in Redmond, Washington.  NOA is a wholly owned subsidiary of NCL.  NOA is

17

the exclusive North American distributor of products made by NCL.

18

### B.      The Accused Products

19

This is a case for alleged patent infringement.  The products accused of infringement are

20

described in the Complaint as:  "Nintendo composite image customization products that infringe

21

the '303 Patent include, but are not limited to, software included on the Nintendo Wii to create

22

and customize a facial (or other) feature of a Mii".  Complaint,¶ 15.

23

### C.      The Patents-In-Suit -- The Significance of "Coding" and "Codes" in Creating Composite Images

24

25

The patent-in-suit is U.S. Pat. No. 8,005,303 ("the '303 patent"), entitled "Method/Apparatus

26

for Encoding/Decoding Image Data".  The Abstract summarizes the subject matter of the '303

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 2
Case No. (CV 12-1873-RAJ)

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

SEADOCS:455090.1

1   patent as follows: "The invention relates to a method and an apparatus for encoding images,

2   more particularly to an encoding unit in conjunction with a library of pictorial entities and image

3   qualifiers.  The method and apparatus provide for encoding an image by using a code factor table

4   in conjunction with a set of element codes.   The resulting image code allows the set pictorial

5   elements of an image and their associated image qualifiers to be represented by a compact code

6   uniquely representing a given configuration of pictorial elements.  The use of the resulting image

7   code facilitates the transmission and storage of images requiring only the code to be sent or

8   stored.  The invention further provides a computer readable medium comprising a program that

9   direct a computer to implement the encoding process."

10          As can be seen from the Abstract, and from the title of the patent, "codes", and related

11   concepts such as "code factors," are central to the '303 patent.  Indeed, each claim of the '303

12   patent includes multiple limitations calling for "codes" or "code factors" of some sort.

13   Independent claim 1 requires:  "facial feature element codes"; a "composite facial image code;

14   and a "facial feature element code".   Independent claim 16 requires:  "facial feature element

15   codes", a "composite image code", a "facial feature element code", and a "composite image

16   code."  Independent claim 23 requires "facial feature element codes", a "composite image code",

17   and a "facial feature element code".   Independent claim 23 requires "facial feature element

18   codes", and a "composite image code".  Independent claim 29 requires "facial feature element

19   codes", a "composite facial image code", and a "facial feature element code".  Independent claim

20   36 requires "facial feature element codes", and a "composite image code".

21          The specification of the '303 patent states, in the "Field of the Invention":  "This

22   invention relates to a method and apparatus for encoding/decoding image data…"   The prior art

23   discussed in the specification pertains to creating composite images of faces, using such features

24   as hair, eyes, nose, mouth, and chin.  Exh. 1, Col. 1, ll. 36-41.   The specification states that, in

25   the prior art, composite facial images were made using paper strips containing exemplary

26   features that are arranged to form a composite drawing of a face.  Exh. 1, Col. 1, ll. 41-43.  A use

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 3
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1  cited is for law enforcement.  Exh. 1, Col. 1, ll. 34.  In the prior art as discussed in the patent,

2  creating a composite facial image was also done by use of a computer that allowed a user to

3  select individual components, such as eyes or noses, and combining them on a pre-selected face.

4  Exh. 1, Col. 1, ll. 43-46.

5  According to the specification, the patent is about reducing memory and bandwidth

6  requirements for the storage and transmission of composite (facial) images by using a "new"

7  encoding system.  The patent states that a drawback of the prior art systems is that storage of the

8  images required "significant amounts of memory."  Exh. 1, Col. 1, ll. 60-61.  If the images are

9  compressed so as to require less memory, their quality is degraded.  Exh. 1, Col. 2, ll. 1-4.  The

10  size and quality of the images is important particularly when they are transmitted from one site to

11  another, for example from one police station to another to share information about a given

12  suspect.  Exh. 1, Col. 2, ll. 4-9.  The need that is identified in the prior art, that is allegedly met

13  by the '303 patent, is "to refine the process of encoding images" so as to reduce the memory

14  requirements and the bandwidth required for the transmission of the images.  Exh. 1, Col. 2,

15  ll. 9-13.

16  **D.    RecogniCorp's ICs Do Not Identify Where Each Limitation Is**

17  **Allegedly Found In Each Accused Product.**

18  **1.    RecogniCorp's Claim Charts For The '303 Patent Do**
   **Not Show Where Any "Codes" or "Code Factors" Of**

19  **Each Accused Instrumentality Are Allegedly Found.**

20  As discussed above, "codes" and "code factors" are central to the '303 patent and are

21  found throughout the claims.  RecogniCorp's ICs fail to comply with L.P.R. 120 with respect to

22  any of the numerous "code" limitations in the asserted claims.  In each instance, RecogniCorp

23  says discovery is required before compliant ICs can be provided.  The alleged need for

24  "discovery" is not a proper basis for failing to comply with the requirements of L.P.R. 120.

25  Moreover, the excuse that "discovery is needed" is particularly inappropriate in this case,

26  because the plaintiff has not even served any discovery requests.

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 4
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1    RecogniCorp has asserted all claims (claims 1-42) of the '303 patent against all of the

2    accused Nintendo products.  Exh. 2, p. 2.  Claim 1 reads as follows, with the elements that are

3    not mapped to the accused instrumentalities emphasized:

4        **Claim 1.** A method for creating a composite image, comprising:

5        displaying facial feature images on a first area of a first display via a
         first device associated with the first display, wherein the facial  feature
6        images are associated with <u>facial feature element codes;</u>

7        selecting a facial feature image from the <u>first area of the first display</u>
         via a user interface associated with the first device, wherein the first
8        device incorporates the selected facial feature image into a composite
         image on a <u>second area of the first display</u>, wherein the composite
9        image is associated with a <u>composite facial image code having at least</u>
         <u>a facial feature element code;</u> and
10

11       reproducing the composite image on a second display

12       based on the composite facial image code.

13   Exh. 1, Col. 12.  All the independent claims, 1, 16, 23, 29, and 36, include both of these

14   limitations of "facial feature element codes" and a "composite facial image code having at least a

15   facial feature element code."  Since every independent claim includes these limitations, they are

16   also effectively present in all the dependent claims.   Therefore, RecogniCorp's inadequate

17   infringement contentions affect all the claims in this case.

18       Further, in RecogniCorp's Contentions regarding Nintendo's 3DS and 3DS XL

19   (collectively, "3DS"), all the independent claims of the '303 patent require a first and second area

20   of a "first display" or "first screen," but RecogniCorp alleges that the *two separate screens* of the

21   3DS meet this requirement based on nothing but "information and belief."  Exh. 5, p. 2.  The

22   "first screen" limitation in claim 1 (emphasized above - "first area of the first display" and

23   "second area of the first display) is illustrative.

24       In addition, for every independent claim, there is a dependent claim (specifically, claims

25   10, 19, 24, 32, and 38) that requires a "code factor."  RecogniCorp has also failed to indicate

26

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 5
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1  specifically where the "code factor" is allegedly found in any accused device or method.  Claim

2  10 of the patent, which is representative, is reproduced below:

3      **Claim 10.** The method of claim 1, wherein the composite image code
       includes or is based on one or more <u>code factors</u>.

4

5  Exh. 1, Col. 13.

6      ***The "facial feature element codes" limitation.***

7      RecogniCorp's claim charts (hereinafter referred to as "claim charts") give no support to

8  this limitation.  They instead parrot the claim language ("In the Accused Instrumentalities, the

9  facial feature images are associated with facial feature element codes") and add this statement:

10  "On information and belief, a review of Defendant's information provided in discovery,

11  including but not limited to technical specifications and/or source code, will confirm that the

12  facial feature images are associated with facial feature element codes."  Exh. 3, p. 2 *et seq.*  This

13  statement does not provide any information besides the claim language itself.  It is inappropriate

14  to "simply mimic[] the language of the claim," providing "no further information to defendants

15  than the claim language itself.").  *Network Caching Technology, LLC v. Novell, Inc.,* 2002 U.S.

16  Dist. LEXIS 26098, *18, (N.D. Cal. Aug. 13, 2002) ("*Network Caching I*")[1].

17      Since RecogniCorp is apparently in possession of a Wii console, a Wii U, and a Nintendo

18  3DS and 3DS XL,[2] it should be able to reverse engineer them and state specifically where and

19  what the "codes" and "code factors" discussed herein are.  *Network Caching I*, 2002 U.S. Dist.

20  LEXIS 26098, at *5 (Reverse engineering or its equivalent is required for Infringement

21  Contentions).

22

23  [1] Due to the amount of precedent available to interpret and apply the Local Patent Rules, this
    Court has stated that cases interpreting the local patent rules for the Northern District of

24  California" are "useful" because of the similarity between the language of the local patent rules
    for in both Districts.  *Allvoice Developments US, LLC v. Microsoft Corp.*, No. 10-02102, p.2,

25  FN. 2 (W.D. Wash., December 27, 2012).

26  [2] As evidenced by the "screenshots" in RecogniCorp's Infringement Contentions.

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 6
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 $ F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1      ***The "composite facial image code" limitation.***

2           As with the facial feature element codes limitation, RecogniCorp's claim charts also fail

3      to support this limitation, but again simply parrot the claim language and state that "[o]n

4      information and belief, a review of Defendant's information provided in discovery, including but

5      not limited to technical specifications and/or source code, will confirm that the facial feature

6      images are associated with facial feature element codes." Exh. 3, p. 3, *et seq.* This does not

7      even mention the "composite facial image codes", but again refers, apparently in error, to the

8      "facial feature element codes" limitation.

9           Accordingly, RecogniCorp's claim charts regarding this element do not comply with the

10     Local Patent Rules, which are designed to "provide defendants' with notice of infringement

11     beyond that which is provided by the mere language of the patents themselves." *Network*

12     *Caching Tech., LLC v. Novell, Inc.*, 2003 U.S. Dist. LEXIS 9881, *13 (N.D. Cal. Mar. 21, 2003)

13     ("*Network Caching II*").

14          ***The "first screen" limitation.***

15          RecogniCorp's claim charts give no support to this limitation as to the 3DS.  Specifically,

16     RecogniCorp alleges that: "On information and belief, the two portions of the screen operate

17     utilizing substantial shared electronics, circuitry, processor(s) and/or software."  Exh. 5, p. 2.

18     This is tantamount to an admission that RecogniCorp did no investigation whatsoever of the 3DS

19     as to this element, because the alleged "shared electronics" and "circuitry" (if true) would be

20     readily apparent as soon as the 3DS is taken apart. Shared electronics and circuitry are physical

21     things, and if RecogniCorp had performed "reverse engineering or its equivalent," it could have

22     included photographs of the product with the alleged shared electronics and circuitry highlighted

23     and made its allegation *not* "on information and belief" but on facts discovered after due

24     diligence.

25

26

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 7
Case No. (CV 12-1873-RAJ)

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1       ***The "code factor" limitation.***

2       As with both the "facial feature element code" and "composite facial image code"

3 limitations, RecogniCorp's claim charts also fail to support the "code factor" limitation, but again

4 simply parrot the claim language and reiterate that "on information and belief," discovery will

5 allow RecogniCorp to "confirm" the presence of composite facial image codes. [3]  Exh. 3, p. 10 *et*

6 *seq*.  Again, this statement does not provide Nintendo or the Court any more information than the

7 claim language itself.

8 **III.   ARGUMENT**

9       **A.   Portions Of RecogniCorp's Contentions Should Be Stricken For**

10            **Failure to Show Where Each Limitation Of Each Asserted Claim Is Found In The Accused Products.**

11       This district's Local Patent Rules require RecogniCorp to "identify[] specifically where

12 each element of each Asserted Claim is found within each Accused Device." L.P.R. 120(c).  The

13 rules were "designed to require parties to crystallize their theories of the case early in the

14 litigation and to adhere to those theories once they have been disclosed." *REC Software USA*,

15 2012 U.S. Dist. LEXIS at *8 (*quoting Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,

16 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).  The specificity required is such that the patent

17 holder must go beyond simply parroting the claim language in its charts. *Network Caching I*,

18 2002 U.S. Dist. LEXIS 26098, *18.  In *Network Caching I*, Judge Walker held that the minimum

19 level of prefiling investigation required by Rule 11 (which also sets the standard for the level of

20 detail required by the L.P.R.s) is "reverse engineering or its equivalent." *Id.* at *5.

21       RecogniCorp has failed to meet these requirements because its ICs fail to identify

22 specifically where each claim limitation is found in each accused product.  The contentions have

23 far less detail than would be provided by "reverse engineering or its equivalent," but instead ask

24 the Court and Nintendo to assume that key claim limitations are present.  In the limitations

25

26 [3] Beyond this, RecogniCorp's chart simply paraphrases the claim language.

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 8
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1   specifically identified above, RecogniCorp's ICs fail to even discuss where or how the

2   limitations are met, and instead merely parrot the claim language.

3       Here, RecogniCorp's ICs speculate that "on information and belief" the "code" elements

4   must be in Nintendo's devices, and that further discovery will "confirm" the contentions.  The

5   phrase "[o]n information and belief, a review of Defendant's information provided in discovery,

6   including but not limited to technical specifications and/or source code, will confirm that . . ."

7   appears in Plaintiff's contentions a total of *93 times*.  Such a wholesale copying and pasting of

8   contentions indicates that RecogniCorp did not perform a serious investigation into Nintendo's

9   alleged infringement.  *Theranos, Inc. v. Fuisz Pharma LLC*, 2012 U.S. Dist. LEXIS 172160, *17

10  (N.D. Cal. Nov. 30, 2012) ("Fuisz copies and pastes these [on information and belief] responses

11  throughout its Contentions, further evidencing the presumptive nature of their claims.").

12      RecogniCorp's ICs suggest that discovery must be conducted before it can state whether

13  any of the "code" limitations can actually be found in any Nintendo products.  Apparently,

14  RecogniCorp intends to reserve for itself the opportunity to amend its contentions without regard

15  to whether the Local Patent Rules or the Court will allow such amendment.

16      Remarkably, RecogniCorp has not served Nintendo with *any* discovery requests even

17  though this case was originally filed (in Oregon) on December 20, 2011, transferred to this Court

18  on October 23, 2012, and the Rule 26(f) conference occurred on January 4, 2013.  It is simply

19  improper for RecogniCorp to shift the burden to Nintendo by claiming it needs discovery before

20  it can formulate proper ICs.  *Theranos,* 2012 U.S. Dist. LEXIS at *20 ("By arguing that

21  Theranos' information is not publicly available and by offering to amend the Contentions only

22  after discovery has occurred, Fuisz is attempting to ignore their obligations and shift the burden

23  to Theranos.  Such tactic is improper." (*citing Bender v. Maxim Integrated Prods. Inc.*, 2010 U.S.

24  Dist. LEXIS 89957, *8 (N.D. Cal. July 29, 2010).

25      Further, RecogniCorp is incorrect in implying that it cannot determine whether the

26  "code" limitations are present in Nintendo's products without discovery.  In its ICs RecogniCorp

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 9
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 $ F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1    asserts claims 11, 20, 26, 33, and 40 against all the accused products. These claims all require
2    (sometimes using slight language variations) "transmitting the composite image code." Exh. 3, p.
3    10 *et seq.* The "source code" or other discovery RecogniCorp claims it needs to determine the
4    presence of, for example, the composite image codes, is in fact *not* needed: if the composite
5    image code is transmitted as RecogniCorp alleges, that transmission could certainly be detected
6    with modern equipment, much like a radio receiver can tune in to a radio broadcast.

7        The '303 patent specifies that the "transmission medium 800 between site A 802 and site
8    B 804 may be a telephone line with a set of modems, an Ethernet connection, the Internet or any
9    other communication medium suitable for the transfer of data." Exh. 1, Col. 11 ll. 61-65.
10   RecogniCorp has been free to investigate such data transmission since at least December 2011,
11   but for some reason has apparently been unwilling to do so. It cannot now shift the burden of
12   that investigation onto Nintendo without even providing a reason why it believes the code
13   limitations to be present in Nintendo's products. *CSR Technology Inc. v. Freescale*
14   *Semiconductor*, 2013 U.S. Dist. LEXIS 17502, *14 (N.D. Cal. Feb. 8, 2013)("In addition, that
15   the processor runs on software is not responsive to Defendant's argument that the ICs fail to
16   provide any reason why Plaintiff believes the Accused Products perform the claimed method.").

17       RecogniCorp must do more than simply allege, as it has, that the Accused Devices
18   contain a processor and also allege that therefore source code will be needed before it can serve
19   Nintendo with adequate contentions. It must also provide a *reason* why it believes Nintendo
20   uses "facial feature element codes," "composite facial image codes," and "code factors" as
21   alleged.

22   **B.    The Court Should Relieve Nintendo Of Its Discovery Obligations**
           **Under The Local Patent Rules.**
23
24       This Court has inherent power to relieve Nintendo of its discovery obligations under the
25   Local Patent Rules until RecogniCorp complies with L.P.R. 120. Other courts in the Ninth
26   Circuit have exercised that power in similar situations. *See, e.g., Bender v. Maxim Integrated*

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 10
Case No. (CV 12-1873-RAJ)

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

SEADOCS:455090.1

1    *Prods.*, 2010 U.S. Dist. LEXIS 32115, *7 (N.D. Cal. Mar. 22, 2010) (noting that "[u]ntil plaintiff

2    meets the burden of providing infringement contentions compliant with P.L.R. 3-1, the Court

3    will not order defendant to proceed with discovery"); *Network Caching I.,* 2002 U.S. Dist.

4    LEXIS 26098 at *18 (ordering all discovery stayed until the patentee "serves its revised

5    preliminary contentions."); *Shared Memory Graphics LLC v. Apple, Inc.*, 2010 U.S. Dist. LEXIS

6    138868, *16 (staying discovery until after patent owner complies with P.L.R. 3-1); *Intertrust*

7    *Technologies Corp.*, 2003 U.S. Dist. LEXIS 22736, *11 (same).

8           Unless and until RecogniCorp serves ICs that comply with the Local Patent Rules (if it is

9    allowed to), Nintendo should not be required to produce its invalidity contentions or confidential

10   technical documents that it would normally be required to produce under L.P.R. 121 and 122,

11   and in response to any discovery requests.   Requiring Nintendo to make its contentions and

12   disclose its confidential documents before RecogniCorp meets its obligations under the rules

13   would prejudice Nintendo and also defeat the purpose of the rules in requiring RecogniCorp to

14   commit to its theories of infringement.

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 11
Case No. (CV 12-1873-RAJ)

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1    **IV.  CONCLUSION**

2         RecogniCorp failed to comply with L.P.R. 120 for the reasons stated above.  Accordingly,

3    Nintendo respectfully requests that the Court Grant Nintendo's Motion to Strike RecogniCorp's

4    Infringement Contentions, and to relieve Nintendo of discovery obligations pending service of

5    compliant infringement contentions.

6         Dated this 21st day of March, 2013

7                                                    **BAKER & McKENZIE LLP**

8

9                                                    */s/ Edward K. Runyan*
                                                     Edward K. Runyan
10                                                   Daniel J. O'Connor
                                                     Daniel A. Tallitsch
11                                                   Omar D. Galaria
                                                     BAKER & MCKENZIE (IL)
12                                                   300 E Randolph St. Ste. 5000
                                                     Chicago, IL 60601
13                                                   312-861-8000
                                                     Fax: 312-698-2341

14                                                        Attorneys for Defendant Nintendo Co., Ltd.

15

16                                                   **MILLER NASH LLP**

17

18                                                   */s/ James L. Phillips*
                                                     James L. Phillips
19                                                   MILLER NASH LLP
                                                     601 Union St
20                                                   4400 Two Union Square
                                                     Seattle , WA 98101-2352
21                                                   206-622-8484
                                                     Fax:  622-7485
22
                                                         Attorneys for Defendant Nintendo Co., Ltd.
23

24

25

26

NINTENDO'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS  AND
TO RELIEVE NINTENDO OF DISCOVERY OBLIGATIONS . . . - 12
Case No. (CV 12-1873-RAJ)

SEADOCS:455090.1

**MILLER NASH LLP**
ATTORNEYS AT LAW
T: (206) 622-8484 SS F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101

1

<u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on this 21st day of March, 2013, I electronically filed and served the

3 NINTENDO'S  MOTION  TO  STRIKE  INFRINGEMENT  CONTENTIONS    AND  TO

4 RELIEVE  NINTENDO  OF  DISCOVERY  OBLIGATIONS;  MEMORANDUM  OF  POINTS

5 AND  AUTHORITIES  IN  SUPPORT  THEREOF  with  the  Clerk  of  the  Court  and  opposing

6 counsel using the CM/ECF system.

7   Executed at Seattle, Washington, this 21st day of March, 2013.

8

9        */s/ James L. Phillips*

10        James L. Phillips

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Certificate of Service - 1

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352